C/M
U.S. [CLERK'S OFFICE]
[DISTRICT COURT] E.D.N.Y.
★ 18 [2007] ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
:
In RE: : Case No. CV-06-5711 (BMC) (RML)
:
MARK UVAYDOV : (Chapter 13 Case No.05-29306-JF)
:
Pro Se Debtor, : **<u>DECISION AND ORDER</u>**
:
Appellant. :
:
---------------------------------------------------------------- X

**COGAN, District Judge.**

This is an appeal from the Decision and Order of the Bankruptcy Court, dated October 17, 2006, that granted the motion of the Appellee Yael Bar-Shov to lift the automatic stay and permit the continuation of a foreclosure action pending in Supreme Court, Queens County. The Order is affirmed based on the Bankruptcy Court's decision. Although no further discussion beyond that contained in the Bankruptcy Court's decision is necessary, I am adding the following observations in light of Appellant's *pro se* status to correct certain erroneous assumptions that he has.

First, Appellant seems under the impression that he may keep the automatic stay in place simply by asserting that he has a fraud or Truth in Lending Act claim against the originator of the mortgage (not the Appellee here, who, at least as to one of the mortgages, is an assignee). As I have stated in my prior Orders denying Appellant's motions for a stay of the Bankruptcy Court's Order, that is legally insufficient. As a starting point, Appellant would have had to specify what violation he thinks has occurred, and then submit proof that there was such a violation. Nowhere in the record does

Appellant prove, or indeed even allege, what the violation was. He simply states that the automatic stay should continue because he thinks he has some unspecified claim against the original mortgagee. Neither the Bankruptcy Court nor this Court is able to guess at what his claim is nor to presume that he could prove it.

Second, even if Appellant had alleged a specific claim and offered proof to support it against the original mortgagee, he would have to demonstrate either legally, factually, or both, as to why the current mortgage holder, Appellee here, is not entitled to foreclose on the mortgage. It is not axiomatic, as Appellee seems to think, that if he could make out a claim against the original mortgagee, that would entitle him to maintain the automatic stay as against this Appellee. It may be that Appellant has nothing more than a claim for money damages against the original mortgagee. True, there may be facts or legal principles that would justify continuing the automatic stay against this Appellee, but since Appellant placed virtually no facts before the Bankruptcy Court, the Bankruptcy Court was unable to find any legal basis for continuing the stay, and this Court is thus unable to find any error in the Bankruptcy Court's ruling.

Finally, as the Bankruptcy Court noted in its Decision, the asset schedule in this Chapter 13 case seems to indicate that Appellant could afford to hire a lawyer. Whether he can or not, it is either his burden or his choice to proceed *pro se*. While his *pro se* status affords him all reasonable indulgence in the Bankruptcy Court and here, it is not a free pass. This Court cannot perceive any basis for the position that Appellant is taking because he has offered no facts in the Bankruptcy Court that would support any legal analysis.

## CONCLUSION

The Decision and Order of the Bankruptcy Court is AFFIRMED. The Clerk is directed to enter a Judgment accordingly and mail a copy of this Decision and Order to Appellant *pro se*.

**SO ORDERED.**

/s/(BMC)
_____
U.S.D.J.

Dated: Brooklyn, New York
January 16, 2007